# LANHARDT v. SOUDER.

---

DEEDS; CONSIDERATION; EVIDENCE; ILLEGITIMATES; BENEFICIARIES.

1. A deed of trust in which the beneficiaries are described as the grantor's "wife and her children by him begotten" does not show on its face that its consideration was illicit intercourse so as to render it void, where, although she was not his lawful wife, such fact is not indicated by the deed, and the circumstances tend to show that she believed herself to be his wife.

2. Evidence is insufficient to establish that a deed unobjectionable on its face was executed in consideration of illicit intercourse, unless it shows that there was a mutual understanding to that effect between the parties.

3. A deed made by a father for the benefit of his illegitimate children is based upon good and supporting consideration.

4. A deed of trust executed by persons who have been living together as husband and wife and have children, and designating the beneficiaries as the "wife," naming her, and her children begotten by him, is not rendered indefinite as to beneficiaries by reason of the facts that she was not his lawful wife, and that the husband had a lawful wife living who had borne him a child.

No. 2645. Submitted April 7, 1914. Decided May 4, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia on a verdict directed by the court in an action of ejectment.   *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment upon a directed verdict for Margaret M. Souder, the defendant, appellee here, in an action of ejectment brought by John Lanhardt, the plaintiff, appellant here, to recover a tract of land in the District of Columbia.

Plaintiff introduced in evidence a deed from Henry Queen to George Lanhardt, dated October 17, 1865, conveying to Lanhardt in fee the *locus in quo,* and his evidence tended to prove that the grantee occupied the premises under said deed for more than twenty years; that in 1853 the grantee was married to Hannah Shoemaker; that she died in 1899 and that said George Lanhardt died February 7, 1910, the plaintiff being the only issue of said marriage; that at the time of the bringing of this suit the defendant was in possession of the *locus in quo,* claiming exclusive ownership thereof; that plaintiff had received one fourth of the personal estate of said George Lanhardt.

The defendant introduced in evidence, over the objection of the plaintiff, a duly certified copy of a duly recorded deed "from said George Lanhardt and Margreth Lanhardt, his wife, to John Lanhardt, his brother, dated December 27, 1866." This deed bears the certificate of the notary to the wife's acknowledgment, privily and apart from her husband.  The deed conveys to the grantee, in trust, the real estate here involved, reciting that the grantors are seized of an unencumbered estate of inheritance in said real estate, and that "the said George, desiring to appropriate the same for the benefit of his said wife and her children by him begotten," the grantors have agreed to execute said deed, and that therefore, "in consideration of one dollar, to them in hand paid by said John, they convey to him the said real estate for the sole use, benefit, and behoof of the

said Margreth Lanhardt, and her children by the said George begotten; to permit the said Margreth to have, use, and occupy, and enjoy   *   *   *   for and during her natural life, without impeachment of waste, and in the event of the death of the said Margreth to hold the same to and for the use and benefit of her children by the said George begotten, without impeachment of waste;" and, in the event of the death of the said Margreth leaving a child or children, to hold or otherwise dispose of the same for their benefit as the orphans' court may direct, and in the event of her death leaving no issue by the said George begotten, then the grantee shall reconvey said land to said George and his heirs. The defendant introduced evidence tending to prove that at the time of the making of this deed said George and Margreth were living upon the premises described therein, and continued to reside there until 1898; that on the 7th day of June, 1899, the said Hannah Lanhardt was divorced from the said George because of his desertion of her in 1859; that thereafter, on November 29, 1899, the said George and the said Margreth were married in Baltimore, Maryland, in which State they then resided and were domiciled; that five children were born to them, two of whom, including the defendant, before the making of said deed of 1866, and the remaining three thereafter; that two of said last three children died in infancy, and that two of said surviving children, including the defendant, resided and were domiciled in the State of Maryland at the time of the marriage of their said parents. Plaintiff then gave evidence tending to prove that at the time of the execution of said deed of 1866, said George was living with said Margreth as his wife and continued to do so up to the time of their marriage, and thereafter until her death.

The plaintiff contended that he was entitled to recover an undivided one-fourth interest in the property; that the deed of 1866 was void "as showing on its face that it was made in consideration of future illicit intercourse, and because of the indefinite description of those who are to take under said deed." The court overruling these contentions, plaintiff re-

quested that the jury be instructed that if they believed from all the evidence that the consideration for said deed "was, in whole or in part, future illicit intercourse between said George Lanhardt and *Margaret Horn,* then they are instructed as matter of law that said deed was wholly inoperative and void," and that the plaintiff, as one of the four heirs at law of the said George Lanhardt, was entitled to recover an undivided one-fourth interest in said estate. The court refused this instruction. Thereupon, over the objection of the plaintiff, the court instructed the jury to return a verdict for the defendant.

*Mr. S. McComas Hawken* and *Mr. John Ridout* for the appellant.

*Mr. William M. Lewin* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Upon what the plaintiff bases his contention that the deed to John Lanhardt shows on its face that it was made in consideration of future illicit intercourse between said George and said Margreth, we are unable to discover, since for aught that appears in the deed Margreth was then the lawful wife of the grantor George. Such a deed for the benefit of a wife and children are by no means uncommon, and we find nothing to except this deed from the general rule. In other words, on its face it is entirely unobjectionable and valid. The plaintiff further insists, however, that even if the deed be regarded as valid on its face, the evidence tended to prove that future criminal intercourse formed a part, at least, of its consideration and rendered it void. The deed being unobjectionable on its face, the evidence must show, to sustain plaintiff's contention that future criminal intercourse formed a part of the consideration, that there was a mutual understanding to this effect between the said George and Margreth. *Bibb* v. *Allen,* 149 U.

S. 481, 492, 37 L. ed. 819, 824, 13 Sup. Ct. Rep. 950; *Philpot*
v. *Gruninger,* 14 Wall. 570, 20 L. ed. 743.   There is no evi-
dence whatever even tending to show that Margreth, at the
time this deed was executed, did not suppose she was the law-
ful wife of George.   On the contrary, the deed itself indicates
that such was her understanding, for she joined in its execution
as his wife, and, as above noted, her acknowledgment, as the
notary certified, was privily and apart from her husband.   So
far as appears, therefore, she was an innocent party to the
transaction.   But, assuming she was not, the result is the same,
since "it is not now open to question that a deed made by a
father for the benefit of his illegitimate child is upon good
consideration, which will support the conveyance."   *Conley* v.
*Nailor,* 118 U. S. 127, 30 L. ed. 112, 6 Sup. Ct. Rep. 1001.
In that case conveyances similar in form to that here in issue
were sustained, the court observing that they were made "main-
ly for the benefit of the two children whose father he (the
grantor) declared himself to be."   It was held that the deeds
were valid when executed, and that the subsequent death of
the children could not avoid them.   So, regardless of the ques-
tion whether the conveyance was good as to Margreth, it was
perfectly valid as to the two children then in being; and since
the defendant is one of those children, we need not concern
ourselves with the determination of the further question as to
the rights of the children subsequently born.   But see *Pratt* v.
*Flamer,* 5 Harr. & J. 10.

Nor is there any merit in the contention that the deed is void
because of the alleged indefinite description of those who are
to take under it.   The grant was to John Lanhardt in trust
for the use "of the said Margreth Lanhardt and her children
by the said George begotten."   Margreth joined in the deed,
and, if any doubt existed as to her identity, that doubt would
have been removed by the certificate of acknowledgment (which
may be resorted to in such cases, *Blomberg* v. *Montgomery,* 69
Minn. 149, 72 N. W. 56), the admitted fact that she was then
living with said George as his wife, and that the defendant
was one of the two children already born to them.   Under the

facts disclosed, the intent of the grantor George is too plain to admit of doubt.

The judgment must be affirmed, with costs.     *Affirmed.*